10-3656-cv
O'Brien v. Argo Partners, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> PETER W. HALL,
> RAYMOND J. LOHIER JR.,
> *Circuit Judges.*

--------------------------------------------------------------------------------x

GREGORY O'BRIEN,

> *Plaintiff-Appellant,*

> v.                                                     No. 10-3656-cv

ARGO PARTNERS, INC.,
a/k/a ARGO PARTNERS,

> *Defendant-Appellee.*

--------------------------------------------------------------------------------x

**FOR PLAINTIFF-APPELLANT:**      ANDREW MARK ST. LAURENT, Harris, Cutler, Cash & Houghteling LLP, New York, NY.

**FOR DEFENDANT-APPELLEE:**      KENNETH I. SCHACTER (Michael C. D'Agostino, Sara R. Simeonidis, Of Counsel, *on the brief*), Bingham McCutchen LLP, New York, NY.

Appeal from a August 23, 2010, judgment of the United States District Court for the Eastern District of New York (Leonard D. Wexler, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-appellant Gregory O'Brien ("O'Brien"), appeals the order of the District Court granting summary judgment in favor of defendant-appellee Argo Partners, Inc. ("Argo") on the basis of its holding that, in assigning to Argo, in exchange for $62,500, "all" future rights, title, and interest in his claim against a third-party estate, including "any future distribution" he might receive from the estate on his claim, O'Brien unambiguously relinquished to Argo the right to receive any possible future interest payments. We assume the parties' familiarity with the underlying facts, proceedings below, and specification of issues on appeal.

We review *de novo* an order granting summary judgment and ask whether a district court properly concluded that there were no genuine issues of material fact and that the moving party was entitled to judgment as a matter of law. *See, e.g., Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). In determining whether there are genuine issues of material fact, we resolve all ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003). Nevertheless, "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Following *de novo* review of the record, we affirm the judgment of the District Court for substantially the same reasons stated in its thorough and well-reasoned opinion. *See O'Brien v. Argo Partners, Inc.*, 736 F. Supp. 2d 528 (E.D.N.Y. 2010). O'Brien may not introduce extrinsic evidence to challenge the meaning of agreements that are clear and unambiguous on their face. *E.g., W.W.W. Assoc., Inc. v. Giancontieri,* 77 N.Y.2d 157, 163 (1990). The terms of the assignment agreement and purchase agreement leave no reasonable basis for a difference of opinion that O'Brien assigned to Argo his right to receive *all* future payments on his claim, including future interest payments.

## CONCLUSION

We have considered O'Brien's other arguments on appeal and have found them to be without merit.  Accordingly, the judgment of the District Court is hereby **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk